UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| **ISAAC INDUSTRIES, INC.**, on behalf of itself and all others similarly situated,<br><br>        Plaintiffs,<br><br>    vs.<br><br>**AAA COOPER TRANSPORTATION; ARKANSAS BEST CORPORATION; ABF FREIGHT SYSTEMS, INC.; AVERITT EXPRESS, INC.; CON-WAY FREIGHT, INC.; ESTES EXPRESS LINES, INC.; FEDEX CORPORATION; FEDEX FREIGHT CORPORATION; FEDEX NATIONAL LTL, INC.; JEVIC TRANSPORTATION, INC.; OLD DOMINION FREIGHT LINE, INC.; OVERNITE CORPORATION; ROADWAY EXPRESS, INC.; R+L CARRIERS, INC.; SAIA, INC.; SAIA MOTOR FREIGHT LINE, LLC; SOUTHEASTERN FREIGHT LINES, INC.; SUN CAPITAL PARTNERS IV, LLC; UNITED PARCEL SERVICE, INC.; WATKINS MOTOR LINES; YELLOW TRANSPORTATION, INC.; YRC REGIONAL TRANSPORTATION, INC.; and YRC WORLDWIDE, INC.**,<br><br>        Defendants. | Case No. 1:07-cv-01638-RBW<br><br>**UNOPPOSED MOTION FOR CLARIFICATION OF MINUTE ORDER**<br><br>This Motion is being filed in:<br><br>1:07-cv-01638-RBW<br>1:07-cv-01780-RBW<br>1:07-cv-01803-RBW<br>1:07-cv-01827-RBW<br>1:07-cv-01926-RBW<br>1:07-cv-01937-RBW<br>1:07-cv-01886-RBW<br>1:07-cv-01927-RBW |

**UNOPPOSED MOTION FOR CLARIFICATION OF MINUTE ORDER**

Plaintiffs Isaac Industries, Inc. hereby moves this Honorable Court for Clarification of its Minute Order filed October 17, 20007 in the above-captioned case. In support of its motion, undersigned counsel states the following:

1. Plaintiffs and Defendants submitted a Joint Stipulation Regarding Response To Complaint Pending Decision on MDL Motion (the "Joint Stipulation") on October 10, 2007 (Doc.7).

2. In the Joint Stipulation, both parties agreed to the provisions stated in paragraphs (1), (2), and (3), which set forth deadlines for responding to the Complaint (paragraph 1), agreements regarding service (paragraph 2), and a "most favored nation" clause (paragraph 3).

3. The Court, in a Minute Order filed October 17, 2007, granted the Joint Stipulation and set forth the deadlines as requested in paragraph (1). However, perhaps due to the wording of the Joint Stipulation, the Minute Order did not expressly incorporate the provisions in paragraphs (2) and (3) of the Joint Stipulation.

4. Plaintiffs therefore move this Honorable Court for clarification of its Minute Order to include the provisions of paragraphs (2) and (3).

5. Defendants do not oppose this Motion.

6. A proposed Order is attached.

WHEREFORE, for the foregoing reasons, Plaintiffs hereby request that its Motion be granted.

Dated:  November 28, 2007.

                                      Respectfully submitted,

                                      **BOIES, SCHILLER & FLEXNER LLP**

                                      By: _____/s/ Tanya Chutkan_____
                                      Richard B. Drubel, Jr. (D.C. Bar No. 334359)
                                      Tanya Chutkan (D.C. Bar No. 420478)
                                      5301 Wisconsin Avenue, NW
                                      #800
                                      Washington, DC 20015

Telephone: (202) 237-2727
Fax: (202) 237-6131
E mail: rdrubel@bsfllp.com
Tchutkan@bsfllp.com


Robert N. Kaplan
Linda P. Nussbaum (D.C. Bar No. 483254)
Gregory K. Arenson
**KAPLAN, FOX & KILSHEIMER, LLP**
850 Third Avenue, 14th Floor
New York, NY 10022
Telephone: (212) 687-1980
Fax: (212) 687-7714
E mail: rkaplan@kaplanfox.com
lnussbaum@kaplanfox.com
garenson@kaplanfox.com


Eric L. Cramer
**BERGER & MONTAGUE, P.C.**
1622 Locust Street
Philadelphia, PA 19103
Telephone: (215) 875-3009
Fax: (215) 327-9583
E mail: hlmontague@bm.net
ecramer@bm.net


Michael E. Criden
Kevin B. Love
**HANZMAN, CRIDEN & LOVE, P.A.**
7301 S.W. 57th Court, Suite 515
South Miami, FL 33143
Telephone: (305) 357-9010
Fax: (305) 357-9050
E mail: mcriden@hanzmancriden.com
klove@hanzmancriden.com

## CERTIFICATE OF SERVICE

I hereby certify that on November 28, 2007, a copy of the foregoing Motion for Clarification and Proposed Order was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's Electronic Filing system. Parties may access this filing through the Court's system.

_____/s/ Tanya Chutkan_____
Tanya Chutkan (D.C. Bar No. 420478)
**BOIES SCHILLER & FLEXNER LLP**
5301 Wisconsin Avenue, NW
#800
Washington, DC 20015
Telephone: (202) 237-2727
Fax: (202) 237-6131
E mail: Tchutkan@bsfllp.com

UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| **ISAAC INDUSTRIES, INC.**, on behalf of itself and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>**AAA COOPER TRANSPORTATION; ARKANSAS BEST CORPORATION; ABF FREIGHT SYSTEMS, INC.; AVERITT EXPRESS, INC.; CON-WAY FREIGHT, INC.; ESTES EXPRESS LINES, INC.; FEDEX CORPORATION; FEDEX FREIGHT CORPORATION; FEDEX NATIONAL LTL, INC.; JEVIC TRANSPORTATION, INC.; OLD DOMINION FREIGHT LINE, INC.; OVERNITE CORPORATION; ROADWAY EXPRESS, INC.; R+L CARRIERS, INC.; SAIA, INC.; SAIA MOTOR FREIGHT LINE, LLC; SOUTHEASTERN FREIGHT LINES, INC.; SUN CAPITAL PARTNERS IV, LLC; UNITED PARCEL SERVICE, INC.; WATKINS MOTOR LINES; YELLOW TRANSPORTATION, INC.; YRC REGIONAL TRANSPORTATION, INC.; and YRC WORLDWIDE, INC.**,<br><br>Defendants. | Civil Action No. 1:07-cv-01638 (RBW) |

**<u>ORDER</u>**

Having considered Plaintiff's Motion for Clarification, the lack of opposition thereto, and the record herein, it this _____ day of _____, hereby ORDERED that the Motion is GRANTED, and that:

1. The deadline for the defendants to respond to the complaint should be extended until the earliest of the following three dates: (1) forty-five days after the filing in the MDL transferee court of a Consolidated Amended Complaint in the LTL Shipping Services Antitrust Case; or (2) forty-five days after the plaintiff provides written notice to the defendants that they do not intend to file a Consolidated Amended Complaint, provided that such notice may be given only at or after the initial case management conference in the MDL transferee court; or (3) such other date as set by the MDL transferee court;

2. Counsel for Plaintiffs shall accept service on behalf of their client of all complaints in this matter, including any amended or consolidated complaints, and such Defendants shall not contest the sufficiency of process or service of process; provided, however, that by entering into this Stipulation no Defendant waives any other defense, including but not limited to the defense of lack of personal or subject matter jurisdiction, improper venue, or service of an improper entity;

3. Notwithstanding the above paragraphs, should any defendant to whom this extension applies respond to a complaint in another of the LTL Shipping Services Antitrust Cases prior to the date contemplated in paragraph 1 above, then such defendant shall make a simultaneous response to the Complaint in this matter.  Should any Defendant respond or undertake to respond to discovery or otherwise engage in facilitation of case management in another of the LTL Shipping Services Antitrust Cases

        prior to the date contemplated in paragraph 1 above, then such Defendant shall engage in similar discovery or case management activity in this case.

**IT IS SO ORDERED**

_____        _____
Date                                                                            Hon. Reggie B. Walton
                                                                               United States District Judge